# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ULYSSES RICHARDSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 84-01275    Joseph B. Dailey, Judge**

---

**No. W2006-01856-CCA-R3-PC  - Filed May 24, 2007**

---

The Petitioner, Ulysses Richardson , appeals the trial court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petition for post-conviction relief fails as it is a second such petition and as it is barred by the statute of limitations.  The petition similarly fails if considered as a petition for habeas corpus relief, a motion to reopen a petition for post-conviction relief or a petition for writ of error coram nobis.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Brett B Stein, Memphis, Tennessee, for the appellant, Ulysses Richardson.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner Ulysses Richardson was convicted of two counts of first degree murder.  For these offenses, he received consecutive life sentences, each of which was enhanced by an additional

1

five years because a firearm was employed in the commission of the offenses. *See State v. Ulysses Richardson*, No. 54 (Tenn. Crim. App., at Jackson, May 15, 1985), *perm. to appeal denied,* (Tenn. Sept. 9, 1985). His convictions and sentences were affirmed on direct appeal. On June 27, 1989, the Petitioner sought post-conviction relief, alleging that trial counsel was ineffective. *See Ulysses Richardson v. State*, No. 02C01-9303-CR-00038 (Tenn. Crim. App., at Jackson, Jul. 13, 1994), *perm. to appeal denied*, (Tenn. Nov. 7, 1994). The lower court dismissed the petition as barred by the statute of limitations. Notwithstanding, the lower court found that trial counsel was not ineffective. On direct appeal, this Court held that the petition was timely filed. *Id.* However, the judgment of the lower court was affirmed as to the conclusion that trial counsel was effective. *Id.*

On March 16, 2006, the Petitioner filed a document captioned "Petition for Post-Conviction Relief and/or for a Writ of Error Coram Nobis and/or for a Writ of Habeas Corpus." While acknowledging that this constituted a second petition, the Petitioner stated that "the issues raised in this petition are new grounds that were not raised in the [P]etitioner's previous petition." As grounds for relief, he asserted that "the sentences of the petitioner to two life sentences to run consecutive were so grossly disproportionate that the petitioner's due process rights . . . were violated. The trial court did not consider the issue of disproportion[ality] at the sentencing as such issue was not raised." Additionally, the Petitioner claimed that the consecutive sentences imposed by the trial court "violated the doctrine in *Blakely [v. Washington]* in that the criteria as whether or not the sentence should have been run consecutively or [con]currently should have been submitted to the jury with proper jury instruction at the end of the case." By order entered July 21, 2006, the trial court summarily dismissed the petition as barred by the applicable statute of limitation. A subsequent order was entered on August 22, 2006, in which the lower court clarified its July 21, 2006, order by making the following findings of fact and conclusions of law:

> . . . the Court is of the opinion that these issues should have been raised at the trial level and that there are not any new issues raised which would allow the Court to consider granting relief as prayed for by the petitioner.

> . . . as to the violation of the *Blakely* doctrine and the Court is of the opinion that *Blakely* is not to be applied retroactively.

The Petitioner filed a notice of appeal document on August 25, 2006.

On appeal to this Court, the Petitioner asserts that the post-conviction court erred by summarily dismissing the petition. He asserts that a petitioner should be given the opportunity to attack his sentence at any time if it can be shown that the petitioner's due process rights were violated in the sentencing procedure.. The State has filed a motion requesting that this Court affirm the lower court's denial of post-conviction relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the petition is time-barred. The State further asserts that the Petitioner's claims do not satisfy the statutory exceptions to the timely filing requirement.

*1. Post-Conviction*

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." T. C. A.§ 40-30-102(a). Additionally, section 40-30-102(c) of the Tennessee Code Annotated states that the Post-Conviction Act contemplates the filing of only one (1) petition for post-conviction relief.

While due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner, *State v. McKnight,* 51 S.W.3d 559 (Tenn. 2001); *Seals v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992), the exceptions to the statute of limitations are explicitly limited, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* T.C.A. § 40-30-102(b)(1)- (3).

In the present case, Petitioner argues that he is entitled to post-conviction relief based on his allegation that the trial court imposed the consecutive life sentences in violation of due process and in violation of *Blakely v. Washington*. We cannot conclude that these particular factual circumstances toll the limitations period. The Petitioner's post-conviction petition was not filed until March 16, 2006, well beyond the one-year statute of limitations. Additionally, this Court has previously held that *Apprendi/Blakely* type issues regarding allocating fact-finding authority to judges during sentencing are not in the narrow class of procedural rules that apply retroactively. *See Isaac Herron v. State*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004)(*order*). Accordingly, the grounds for relief alleged by Petitioner do not fall within any of the exceptions to the statute of limitations. Where there is no applicable exception, "the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period." T.C.A. § 40-30-102(a). Accordingly, Petitioner has failed to state a cognizable claim for post-conviction relief. The trial court properly denied post-conviction relief.

*II. Habeas Corpus Relief*

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by, Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek

habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

Again, the Petitioner raised two allegations (1) his sentences are disproportionate and (2) his sentences were imposed in violation of *Blakely v. Washington*. Both of these claims fail. Specifically, both arguments fail because even if the allegations are true, such allegations would render the judgment voidable, and not void, unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the Petitioner. Accordingly, the Petitioner has failed to establish his entitlement to habeas corpus relief.

### III.  Coram Nobis

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105. The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon,* 983 S.W.2d 661, 672 (Tenn. 1999). The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment.' " *State v. Hart,* 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State,* 219 Tenn. 80, 407 S.W.2d 165, 167 (1966)). A petition for writ of error coram nobis must usually be filed within one (1) year after the judgment becomes final. *See* T.C.A. § 27-7-103; *Mixon,* 983 S.W.2d at 670.

We conclude that the trial court did not err in denying the petition if considered as an application for writ of error coram nobis. A petition for writ of error coram nobis must be filed within one year of the time judgment becomes final in the trial court. *See* T.C.A. § 27-7-103. It is obvious that the Petitioner's petition was filed many years after the statute of limitations had run. Nothing in the record suggests that the Petitioner's claim for relief implicates any due process concerns that would require a remand to the trial court for a hearing on the merits. *See Workman v. State,* 41 S.W.3d 100 (Tenn. 2001). We conclude that the trial court did not err by summarily dismissing the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

J.C. MCLIN, JUDGE